**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **COURTNEY BOWLUS,**<br><br>**PLAINTIFF,**<br>**v**<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>**DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.**<br>**1:26-cv-00170-N** |

## <u>REPORT OF PARTIES' PLANNING MEETING</u>

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on June 29, 2026 and at various other times prior to the filing of this report. It was attended by videoconference, telephonically and email due to the distance between the various offices by:

David P. Martin for Plaintiff Courtney Bowlus.

Iwana Rademaekers for Defendant The Lincoln National Life Insurance Company.

1. Present Respective Positions:

   a) Plaintiff's Position: Plaintiff's Position: Plaintiff's claims are stated generally in the Complaint and are adopted herein. Plaintiff was a participant in an ERISA-governed welfare benefit plan established and

maintained by her employer, GAF, owned by Standard Industries Inc. to provide long-term disability benefits to eligible employees. The plan is funded by a policy of insurance issued by Defendant, The Lincoln National Life Insurance Company. Plaintiff seeks recovery of these benefits and all others to which he may be entitled pursuant to a finding he is totally disabled. Plaintiff further seeks interest, costs and attorneys' fees, as well as certain other injunctive reliefs identified in his Complaint.

b) Defendant's Position: Defendant's defenses are stated generally in its Answer, and they are adopted herein. Defendant contends it is not liable because it complied with all terms of the relevant policy. Defendant reasonably, appropriately, and in good faith investigated Plaintiff's claim for benefits and determined that she was not eligible for benefits under the terms of the policy.

2. This non-jury action should be ready for bench trial by **August 2027**, and at this time is expected to take approximately 2-3 days.

3. The parties request a pretrial conference on or before **July 2027**.

4. Discovery Plan.

a) Plaintiff's statement: Plaintiff's claim is pursuant to 29 U.S.C. § 1132(a)(1)(B) for recovery of disability benefits from an ERISA plan, which

is insured by Defendant's policy. Plaintiff states that it will seek discovery on those topics deemed appropriate for these specialized claims, specifically the following subjects:

i. The means and methods for composing the record. All 'facts known to the administrator whether or not those facts were reduced to paper, and whether or not those facts were included in the file which Defendant deems its 'administrative record"'.

ii. "any documents and other evidence that would help the Court determine the nature, extent, and effect on the decision making process of the conflict of interest."

iii. Procedural defects, special or repeated relationships between experts and administrators,

iv. The amount of compensation paid to employed consultants, statistical records reflecting the percentages of claims granted and denied, etc.

b) Defendant's statement: Defendant agrees that the claims brought in this action have limited discovery and reserves all rights to object to discovery requests that are outside of the scope of discovery for these claims. Defendant does not anticipate seeking any discovery at this time. .

All discovery will be commenced in time to be completed by **March 8, 2027**.

.

5. Initial Disclosures. The parties will exchange by **August 24, 2026**, the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until **October 19, 2026**, to join additional parties and amend the pleadings, and until **November 19, 2026** to respond to any above-mentioned amendments.

7. Reports from retained experts under Rule 26(a)(2) due:

   from Plaintiff by **December 18, 2026**.

   from defendants by **January 8, 2027**.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due pursuant to the terms of the pretrial order. Parties should have 14 days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

9. Discovery Limits.

Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 10 depositions by plaintiff and 10 by defendant(s). Each deposition limited to maximum of 3 hours unless extended by agreement of parties. Plaintiff contends that depositions are required of experts relied on. It is unfair and unreasonable to rely on experts who do not produce all the evidence which they

relied on to form their opinions. That leaves Plaintiff without adequate opportunity to fully reply.

Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 40 requests for production of documents by each party to any other party. Responses due 30 days after service.

10. All potentially dispositive motions filed by **February 8, 2027**.

11. The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in written discovery.

12. The discovery in this action will include Electronically Stored Information ("ESI"). The parties agree that all ESI will be handled in accordance with the Federal Rules of Civil Procedure. In the event of inadvertent disclosure of documents containing attorney/client privileged and/or attorney work product information, the parties agree that they shall return such documents to the disclosing party and shall not retain any copies thereof nor any summaries of the contents of such documents.

13. Supplementation under Rule 26(e) due no later than 30 days before the close of discovery.

Respectfully submitted this 20th day of July 2026.


*/s/ David P. Martin (w/permission)*
David P. Martin ASB-3500-M68D
The Martin Law Group, LLC
Attorney for Plaintiff
P.O. Box 20087
Tuscaloosa, AL 35402
Facsimile (205) 343-1781
david@erisacase.com

*/s/Iwana Rademaekers*
Iwana Rademaekers, Esq.
Admitted *Pro Hac Vice*
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com